UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Neal McMurtry | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 0642 |
| | ) | |
| v. | ) | |
| | ) | Honorable Steven C. Seeger |
| Pat Strocchia, Emily D'Amico, and Kristopher | ) | |
| Fitzgerald, and Unknown and Unnamed | ) | |
| Joliet Police Department | ) | |
| officers, and the City of Joliet | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff Neal McMurtry ("McMurtry") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendants Pat Strocckia, Emily D'Amico, and Kristopher Fitzgerald were members of the Joliet Police Department employed by the City of Joliet and acting under color of law.

5. At all times herein mentioned, unknown and unnamed Joliet Police Officers were

employed by the City of Joliet and were acting under color of state law and as the employee, agent, or representative of the City of Joliet Police Department. These Defendants are being sued in their individual/personal capacities.

6. At all times herein mentioned, the City of Joliet was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, on information and belief, the City of Joliet maintained, managed, and/or operated the Joliet Police Department.

## FACTUAL ALLEGATIONS

7. On or about October 5, 2020, in the early morning hours, Plaintiff was lawfully driving in his vehicle within the City of Joliet, Illinois.

8. Plaintiff is African American.

9. At that place and date, Defendants arrived and proceeded to detain Plaintiff.

10. There was no legal cause to detain the Plaintiff.

11. The defendants asked for Plaintiff's consent to search his vehicle. Plaintiff declined consent.

12. Defendants then physically and abusively forced and caused Plaintiff to exit his vehicle.

13. Plaintiff was then forcibly handcuffed. Forcibly handcuffing Plaintiff caused his shoulder to become re-injured as it had been previously injured.

14. Then defendants caused an additional K-9 officer with his dog to come to the scene. The dog appeared to do a search of Plaintiff and his vehicle.

15. The Plaintiff's vehicle and Plaintiff was subjected to a search. There was no contraband or other illegal substance found on Plaintiff or his vehicle.

16. Thereafter, subsequent to being detained for a lengthy period of time, Plaintiff was released and permitted to leave.

17. Plaintiff is informed and believes and alleges thereon that similarly situated non-African Americans have not been detained in the manner in which the Defendants detained him, and that non-African Americans have not been detained and handcuffed for engaging in acts similar to that of Plaintiff

18. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to her damage in an amount to be ascertained.

19. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS STROCCIA, D'AMICO AND FITZGERALD FOR UNLAWFUL DETENTION AND SEARCH**

21. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20)

hereat as though fully set forth at this place.

22. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

23. The detention of Plaintiff and the search of him and his vehicle, as alleged above were caused by Defendants, and was done without legal cause and was unreasonable. Therefore, Defendants are liable for this detention and searches under 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS, STROCCHIA, D'AMICO AND FITZGERALD FOR THE EXCESSIVE USE OF FORCE

24. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

25. By reason of the individual Defendants' conduct, and each of them Plaintiff was deprived of rights, privileges and immunities secured to her by the First, Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. Defendants actions, as stated in the paragraphs above operated to violate Plaintiff's Fourth Amendment rights in that there was no cause to handcuff Plaintiff and the force used in handcuffing Plaintiff caused Plaintiff to re-injure his shoulder as alleged above. Such use of force was unreasonable. Therefore, Defendants are liable for the force used under 42 U.S.C. § 1983, 1985.

27. To the extent that any particular officer/defendant did not use force against Plaintiff, said officer failed to protect Plaintiff from the unlawful use of force despite the reasonable ability to protect Plaintiff against the unlawful use of force.

## **COUNT III**

**PLAINTIFF AGAINST ALL DEFENDANTS FOR SUPPLEMENTAL CLAIMS OF ASSAULT AND BATTERY**

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully alleged at this place.

29. The individual Defendants, Strocchia, D'Amico, and Fitzgerald caused Plaintiff to be assaulted and battered in that he was placed in an imminent fear of a battery and subjected to an unwanted touching which caused injury.

30. The Defendants acted maliciously in engaging in the above stated conduct.

31. The City of Joliet is liable as a result of *respondeat superior.*

32. Therefore, all the individual defendants and the City of Joliet are liable under the state supplemental claims as stated above.

WHEREFORE, Plaintiff, Neal McMurtry, by and through his attorneys, Ed Fox & Associates hereby requests judgment against the defendants on each and every claim as follows:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That Defendants, except the City of Joliet, be required to pay Plaintiff attorney's fees pursuant to Section1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants, except the City of Joliet, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and

5

proper.

Respectfully Submitted,

*/s/* Edward M. Fox
Edward M. Fox


s/Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com



**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


By: */s/* Edward M. Fox
Edward M. Fox


ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams St, Ste 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com