IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEAL McMURTRY, | ) |
| Plaintiff, | ) |
| | ) No. 20-cv-06442 |
| v. | ) |
| | ) Judge Steven C. Seeger |
| PAT STROCCHIA, EMILY D'AMICO, KRISTOPHER FITZGERALD, and UNKNOWN AND UNNAMED JOLIET POLICE DEPARTMENT OFFICERS, and CITY OF JOLIET, | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Strocchia, D'Amico, Fitzgerald and City of Joliet, through their undersigned attorneys, answer Plaintiff's Amended Complaint as follows:

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Defendants admit Plaintiff brings this action pursuant to Section 1983 based on alleged violations of constitutional rights, and admits this Court has federal question jurisdiction over the federal claims herein and supplemental jurisdiction over the state law claims. Defendants deny the remaining allegations and deny that Plaintiff is entitled to any relief whatsoever.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the act complained of arose in this district.

**ANSWER:** Defendants admit venue is proper in this District.

3. At all times herein mentioned, Plaintiff Neal McMurtry ("McMurtry") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:** Defendants admit the allegations in paragraph 3.

4. At all times herein mentioned, Defendants Pat Strocchia, Emily D'Amico, and Kristopher Fitzgerald were members of the Joliet Police Department employed by the City of Joliet and acting under color of law.

**ANSWER:** Defendants admit the allegations in paragraph 4.

5. At all times herein mentioned, unknown and unnamed Joliet Police Officers were employed by the City of Joliet and were acting under color of state law and as the employee, agent, or representative of the City of Joliet Police Department. These Defendants are being sued in their individual/personal capacities.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. At all times herein mentioned, the City of Joliet was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, on information and belief, the City of Joliet maintained, managed, and/or operated the Joliet Police Department.

**ANSWER:** Defendants admit the allegations in paragraph 6.

7. On or about October 5, 2020, in the early morning hours, Plaintiff was lawfully driving in his vehicle within the City of Joliet, Illinois.

**ANSWER:** Defendants deny the allegations in paragraph 7.

8. Plaintiff is African American.

**ANSWER:** Defendants admit the allegations in paragraph 8.

9. At that place and date, Defendants arrived and proceeded to detain Plaintiff.

**ANSWER:** Defendants admit the allegations in paragraph 9.

10. There was no legal cause to detain the Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 10.

11. The Defendants asked for Plaintiff's consent to search his vehicle. Plaintiff declined consent.

**ANSWER:** Defendants admit the allegations in paragraph 11.

12. Defendants then physically and abusively forced and caused Plaintiff to exit his vehicle.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. Plaintiff was then forcibly handcuffed. Forcibly handcuffing Plaintiff caused his shoulder to become re-injured as it had been previously injured.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. Then defendants caused an additional K-9 officer with his dog to come to the scene. The dog appeared to do a search of Plaintiff and his vehicle.

**ANSWER:** Defendants admit Officers D'Amico and Fitzgerald requested a K-9 officer to come to the scene. Defendants admit a sniff search was then conducted. Defendants deny the remaining allegations in paragraph 14.

15. The Plaintiff's vehicle and Plaintiff was subjected to a search. There was no contraband or other illegal substance found on Plaintiff or his vehicle.

**ANSWER:** Defendants admit a pat down search was conducted when Plaintiff exited the vehicle. Defendants also admit a manual search of Plaintiff's vehicle was conducted after the canine alerted during the sniff search. Defendants admit no illegal items were found during the manual search. Defendants deny the remaining allegations in paragraph 15.

16. Thereafter, subsequent to being detained for a lengthy period of time, Plaintiff was released and permitted to leave.

**ANSWER:** Defendants admit Plaintiff was detained for approximately 20 minutes, and also admit he was permitted to leave after Officer D'Amico issued a written warning for Plaintiff's seatbelt violation. Defendants deny the remaining allegations in paragraph 16.

17. Plaintiff is informed and believes and alleges thereon that similarly situated non-African Americans have not been detained in the manner in which the Defendants detained him, and that non-African Americans have not been detained and handcuffed for engaging in acts similar to that of Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to her damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations in paragraph 18.

19. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations in paragraph 19.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations in paragraph 20.

## COUNT I
### Unlawful Detention and Search
### against Strocchia, D'Amico and Fitzgerald

21. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

**ANSWER:** Defendants adopt by reference their answers to the referenced paragraphs as though fully restated here for their answer to paragraph 21.

22. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations in paragraph 22.

23. The detention of Plaintiff and the search of him and his vehicle, as alleged above were caused by Defendants, and was done without legal cause and was unreasonable. Therefore, Defendants are liable for this detention and searches under 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in paragraph 23.

## COUNT II
### Excessive Force
### against Strocchia, D'Amico and Fitzgerald

24. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

**ANSWER:** Defendants adopt by reference their answers to the referenced paragraphs as though fully restated here for their answer to paragraph 24.

25. By reason of the individual Defendants' conduct, and each of them Plaintiff was deprived of rights, privileges and immunities secured to her by the First, Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations in paragraph 25.

26. Defendants actions, as stated in the paragraphs above operated to violate Plaintiff's Fourth Amendment rights in that there was no cause to handcuff Plaintiff and the force used in handcuffing Plaintiff caused Plaintiff to re-injure his shoulder as alleged above. Such use of force was unreasonable. Therefore, Defendants are liable for the force used under 42 U.S.C. § 1983, 1985.

**ANSWER:** Defendants deny the allegations in paragraph 26.

27. To the extent that any particular officer/defendant did not use force against Plaintiff, said officer failed to protect Plaintiff from the unlawful use of force despite the reasonable ability to protect Plaintiff against the unlawful use of force..

**ANSWER:** Defendants deny the allegations in paragraph 27.

### COUNT III
### State Law Assault and Battery
### against All Defendants

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully alleged at this place.

**ANSWER:** Defendants adopt by reference their answers to the referenced paragraphs as though fully restated here for their answer to paragraph 28.

29. The individual Defendants, Strocchia, D'Amico, and Fitzgerald caused Plaintiff to be assaulted and battered in that he was placed in an imminent fear of a battery and subjected to an unwanted touching which caused injury.

**ANSWER:** Defendants deny the allegations in paragraph 29.

30. The Defendants acted maliciously in engaging in the above stated conduct.

**ANSWER:** Defendants deny the allegations in paragraph 30.

31. The City of Joliet is liable as a result of *respondeat superior.*

**ANSWER:** Defendants deny the allegations in paragraph 31.

32. Therefore, all the individual defendants and the City of Joliet are liable under the state supplemental claims as stated above.

**ANSWER:** Defendants deny the allegations in paragraph 32.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Qualified Immunity

In further response to Counts I and II of the Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants Strocchia, D'Amico and Fitzgerald have immunity from Plaintiff's claims because a reasonable officer in their position would have believed his or her actions were constitutional based on the information known and clearly established law.

### Second Affirmative Defense
### Immunity Where Employee Not Liable

In further response to Count III of the Amended Complaint, and without waiving any of the responses in the foregoing Answer, Defendant City of Joliet has immunity pursuant to 745 ILCS 10/2-109, because none of its employees is liable.

### Third Affirmative Defense
### Immunity from Punitive or Exemplary Damages

In further response to Count III of the Amended Complaint, and without waiving any of the responses in the foregoing Answer, Defendants are immune from punitive and exemplary damages, pursuant to 745 ILCS 10/2-102.

### Fourth Affirmative Defense
### Immunity for Execution or Enforcement of Law

In further response to Count III of the Amended Complaint, and without waiving any of the responses in the foregoing Answer, Defendants Strocchia, D'Amico and Fitzgerald have immunity pursuant to 745 ILCS 10/2-202 because each was a public employee executing or enforcing the law and none of their acts or omissions constituted willful and wanton conduct.

### Fifth Affirmative Defense
### Immunity from Acts or Omissions of Other Persons

In further response to Count III of the Amended Complaint, and without waiving any of the responses in the foregoing Answer, Defendants Strocchia, D'Amico and Fitzgerald have immunity pursuant to 745 ILCS 10/2-204, for any injury that was caused by the act or omission of another person.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully request that this Court enter judgment in Defendants' favor and against Plaintiff, and grant Defendants such further and additional relief as deemed just and proper.

Respectfully submitted,

PAT STROCCHIA, EMILY D'AMICO,
KRISTOPHER FITZGERALD, and
CITY OF JOLIET

/s/ Martin W. McManaman
One of their attorneys

Martin W. McManaman
L&G LAW GROUP LLP
175 West Jackson Blvd.
Suite 950
Chicago, IL 60604
(312) 364-2500